IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-CV-23709-RAR

**NORMA GAZONNI**,

      Plaintiff,

vs.

**GORJANA & GRIFFIN LLC,**

      Defendant.

_____/

## GORJANA & GRIFFIN LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF NORMA GAZONNI'S COMPLAINT

Defendant, Gorjana & Griffin LLC ("Defendant"), by and through its counsel, hereby submits the following answer and affirmative defenses to Plaintiff, Norma Gazonni's ("Plaintiff"), Complaint. Defendant denies any and all allegations that are not specifically admitted herein.

## INTRODUCTION AND NATURE OF THE ACTION

1. In answer to Paragraph 1 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

2. In answer to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

3. In answer to Paragraph 3 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

4. In answer to Paragraph 4 of the Complaint, the allegations contained therein are

legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

5. In answer to Paragraph 5 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

6. In answer to Paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. In answer to Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

9. In answer to Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

10. In answer to Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. In answer to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

12. In answer to Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

14. In answer to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

15. In answer to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis. Defendant does not know where Plaintiff lives.

16. In answer to Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

18. In answer to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

19. In answer to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

20. In answer to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

21. In answer to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

22. In answer to Paragraph 22 of the Complaint, Defendant denies the allegations

contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

25. In answer to Paragraph 25 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

26. In answer to Paragraph 26 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

27. In answer to Paragraph 27 of the Complaint, Defendant admits that it has shops in the state of Florida. Defendant denies that it conducts a "substantial and significant amount of business" in the state of Florida.

28. In answer to Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

29. In answer to Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

30. In answer to Paragraph 30 of the Complaint the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

31. In answer to Paragraph 31 of the Complaint, the allegations contained therein

are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

## THE PARTIES

32. In answer to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

33. In answer to Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

34. In answer to Paragraph 34 of the Complaint, Defendant admits the allegations contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant admits the allegations contained therein.

36. In answer to Paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

## FACTS

37. In answer to Paragraph 37 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

38. In answer to Paragraph 38 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

39. In answer to Paragraph 39 of the Complaint, Defendant admits the allegations contained therein.

40. In answer to Paragraph 40 of the Complaint, Defendant admits the allegations

contained therein.

41. In answer to Paragraph 41 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

42. In answer to Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

43. In answer to Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. In answer to Paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45. In answer to Paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

46. In answer to Paragraph 46 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

## AMERICANS WITH DISABILITIES ACT

47. In answer to Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

48. In answer to Paragraph 48 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

49. In answer to Paragraph 49 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly

denied on that basis.

50. In answer to Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

51. In answer to Paragraph 51 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

52. In answer to Paragraph 52 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

53. In answer to Paragraph 53 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

54. In answer to Paragraph 54 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

55. In answer to Paragraph 55 of the Complaint, Defendant denies the allegations contained therein.

56. In answer to Paragraph 56 of the Complaint, Defendant denies the allegations contained therein.

57. In answer to Paragraph 57 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

58. In answer to Paragraph 58 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly

denied on that basis.

59.     In answer to Paragraph 59 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

60.     In answer to Paragraph 60 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

61.     In answer to Paragraph 61 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

62.     In answer to Paragraph 62 of the Complaint, Defendant is without sufficient knowledge or information to respond to the allegations of this paragraph and accordingly denies the allegations contained therein on the foregoing basis.

## <u>COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>

63.     In answer to Paragraph 63 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

64.     In answer to Paragraph 64 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

65.     In answer to Paragraph 65 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

66.     In answer to Paragraph 66 of the Complaint, the allegations contained therein

are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

67.     In answer to Paragraph 67 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

68.     In answer to Paragraph 68 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

69.     In answer to Paragraph 69 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

70.     In answer to Paragraph 70 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

71.     In answer to Paragraph 71 of the Complaint, the allegations contained therein are legal conclusions and/or arguments to which no response is required and are accordingly denied on that basis.

### DEMAND FOR RELIEF

No response to Plaintiff's Demand for Relief is necessary. However, Defendant denies that Plaintiff is entitled to any of the relief prayed for in Plaintiff's Complaint, including, but not limited to, the relief requested in the "Prayer for Relief" that follows Paragraph 71 of the Complaint.

### FURTHER AFFIRMATIVE DEFENSES

Further, without conceding that Defendant has the burden of proof as to any of them, Plaintiff's Complaint and the purported claims therein are barred by the following

affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     As a first and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

2.     As a second additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff lacks standing to pursue her alleged claims. Without limitation, Plaintiff lacks standing because she is not *bona fide* patron, customer, or client, (ii) she never attempted to access Defendant's website, or (iii) he does not intend to access Defendant's website in the future.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

3.     As a third and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because this Court lacks subject matter jurisdiction to adjudicate Plaintiff's alleged claims. Without limitation, Defendant avers that claims under the Americans with Disabilities Act ("ADA") are limited to actual, physical places, and not websites (*see, e.g.*, *Gil v. Winn Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021)). As such, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's alleged claims pertaining to Defendant's website.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4. As a fourth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred by the applicable statute(s) of limitations. More particularly, they are barred to the extent that they are based on events that occurred more than two years prior to the date the Complaint was filed.

## FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

5. As a fifth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because the Plaintiff's claims violate Defendant's constitutional right to due process. Without limitation, the lack of website accessibility regulations and/or standards violates Defendant's rights to due process.

## SIXTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

6. As a sixth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred by the doctrine of primary jurisdiction. Without limitation, neither the Department of Justice, nor any state agency, nor any other governmental authority, has yet promulgated any website accessibility standards and/or regulations governing websites. The executive branch, not the courts, has primary jurisdiction with respect to such standards and/or regulations.

## SEVENTH AFFIRMATIVE DEFENSE

(Ripeness)

7.      As a seventh additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because they are unripe.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8.      As an eighth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred by the doctrine of unclean hands. Without limitation, Plaintiff is not a *bona fide* patron, customer, or client, but is instead a professional plaintiff who filed this lawsuit to try to extract a monetary settlement.

## NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9.      As a ninth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred by the doctrine of estoppel due to Plaintiff's own actions or inactions.

## TENTH AFFIRMATIVE DEFENSE

(Waiver)

10. As a tenth and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred by the doctrine of waiver. Without limitation, Plaintiff has waived any right to recovery by affirmatively waiving an/or taking actions inconsistent with continued ownership and/or exercise of the rights and claims asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing, Lack of Harm, etc.)

11.     As a eleventh additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred to the extent that plaintiff's claims are based on being a "tester", or he is in fact a mere tester", in which case he lacks standing pursuant to Blumhorst v. Jewish Family Services, 126 Cal.App.4th 993 and/or other law to allege discrimination damages because Plaintiff visits physical locations and/or websites to seek out conditions Plaintiff can use as the basis for lawsuits with financial damage claims.  In short, Plaintiff suffers no harm because Plaintiff has no genuine desire to visit or utilize the goods, services, facilities, privileges, advantages, or accommodations of the business--and visits locations and/or websites only for settlement compensation Plaintiff believes Plaintiff can extract from Defendant because they face the prospect of incurring litigation expenses that leave them with no choice but to agree to a settlement. Furthermore, Defendant contents that Plaintiff does not require screen-reading software ("SRS") to access internet content and, thus, did not suffer any harm as a result of the technical access barriers alleged in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Equal Enjoyment, Access, Etc.)

12.     As a twelfth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Defendant have provided equal access to individuals with disabilities (including Plaintiff to the extent *arguendo* Plaintiff is a person with a disability). Without limitation, Plaintiff has had full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations as that of non-disabled individuals, and full and equal accommodations, advantages, facilities, privileges, and services as those of

non-disabled individuals, and has otherwise not been deprived with respect to the foregoing as a result of Defendant's alleged lack of compliance with the ADA, or any of the other statutes alleged in the Complaint or any other law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Denial of Equal Access)

13. As a thirteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff was not actually denied full and equal access by virtue of any alleged violation(s) of access standards, to the extent *arguendo* any exist and apply to the alleged barriers, or otherwise.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Barrier)

14. As a fourteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent *arguendo* the website was inaccessible in any way, it did not constitute a barrier interfering with Plaintiff's full and equal access of Defendant's retail locations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Effective Access; *De Minimis* Violation)

15. As a fifteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, if *arguendo* access standards exist and apply to the alleged barriers, and if *arguendo* they were not complied with, Defendant nonetheless provided effective access to Plaintiff. Without limitation, (i) any alleged noncompliance was *de minimis* and did not materially impair or prevent Plaintiff's use of Defendant's goods,

services, facilities, privileges, advantages, or accommodations, (ii) the website was usable and accessible despite its alleged noncompliance, and/or (iii) Plaintiff was able to use and access Defendant's website.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Effective Communication)

16.     As a sixteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because Defendant provided effective communication.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Barrier Removal, Etc. Not Readily Achievable)

17.     As a seventeenth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, if *arguendo* Defendant or its agents (if any) have otherwise wrongfully failed to cause changes or modifications to be made to Defendant's website, cause barriers to be removed, or perform other actions with respect to accessibility alleged by Plaintiff, any and all such changes, modifications, removals, and actions were not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense.

**EIGHTTEENTH AFFIRMATIVE DEFENSE**

(Access Via Alternative Methods)

18.     As an eighteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent *arguendo* there were or are barriers to access as alleged that do not comply with access standards (to the extent *arguendo* such standards exist and apply to the alleged barriers), Defendant provided and provides persons

with disabilities (including Plaintiff to the extent *arguendo* Plaintiff is a person with a disability) access by alternative methods.  Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via such alternative methods, but Plaintiff never asked for nor sought any assistance.

## NINETEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

19.     As a nineteenth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent *arguendo* there were or are any wrongful acts or omissions performed by Defendant or its agents (if any), Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

(Reasonable Modifications, Accommodations, Etc.)

20.     As a twentieth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Defendant fulfilled any alleged obligation it *arguendo* had to make or provide reasonable modifications to policies, practices, and/or procedures and/or otherwise provide reasonable accommodations. To the extent *arguendo* such reasonable modifications and/or accommodations were not actually made, the Complaint and the purported claims therein are barred because Defendant were willing to make them to accommodate Plaintiff's alleged disability, but Plaintiff did not notify Defendant of any alleged barrier or issue and did not request any reasonable modification or accommodation with respect to same or otherwise request assistance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Undue Burden)

21.     As a twenty-first additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, if *arguendo* Defendant or its agents (if any) have otherwise wrongfully failed to make changes or modifications to Defendant's website, cause barriers to be removed, or failed to perform other actions with respect to accessibility alleged by Plaintiff, any requirement that Defendant make such changes or modifications, remove such barriers, or engage in such other actions would constitute an undue burden, particularly in the absence of statutory or other legal standards with respect to websites.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

(Fundamental Alteration)

22.     As a twenty-second additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, if *arguendo* Defendant or its agents (if any) have otherwise wrongfully failed to make changes or modifications to Defendant's website, cause barriers to be removed, or failed to perform other actions with respect to accessibility alleged by Plaintiff, any requirement that Defendant make such changes or modifications, remove such barriers, or engage in such other actions would require a fundamental alteration of the goods, services, facilities, privileges, advantages, or accommodations being offered by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Technical or Other Infeasibility)

23.     As a twenty-third additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the

purported claims therein are barred because, to the extent *arguendo* there was any non-compliance with any applicable law, regulation or standard relating to access or otherwise (to the extent *arguendo* they exist and apply to the alleged barriers) on the part of Defendant or its agents (if any), it was technically infeasible or otherwise infeasible to comply.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Alleged Actions Not Intentional)

24.     As a twenty-fourth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because to the extent *arguendo* they occurred, allegedly wrongful actions or omissions on the part of Defendant or its agents (if any) were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Discriminatory Conduct; Legitimate Business Reasons, Etc.)

25.     As a twenty-fifth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent *arguendo* they occurred, any allegedly wrongful actions or inactions by Defendant or its agents (if any) with respect to Plaintiff were for legitimate, non-discriminatory business or other reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

26.     As a twenty-sixth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Defendant and its agents (if any) have at all relevant times acted in good faith and with the belief that, based on all relevant facts, law, and

circumstances known by them at the time, that they were acting in compliance with all requirements under the ADA and any and all relevant statutes, regulations, standards, guidelines, and/or other legal requirements, to the extent *arguendo* they exist and apply to the alleged barriers.  Defendant and its agents (if any) have had reasonable grounds at all relevant times to believe that their actions and/or inactions were and are in compliance with all applicable statutes and other legal requirements, to the extent *arguendo* they exist and apply to the alleged barriers.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Substantial Performance/Compliance)

27.     As a twenty-seventh additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, to the extent *arguendo* that Defendant or its agents (if any) did not fully comply and perform, they substantially complied with and performed any and all duties and obligations that they *arguendo* may have had, whether statutory, regulatory, common law, or other.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Damages or Injury in Fact)

28.     As a twenty-eighth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff never sustained any damages or suffered any injury in fact caused by Defendant or its agents (if any) or otherwise as alleged, nor is Plaintiff entitled to the damages alleged, nor is there a likelihood of injury or damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Claims and Relief Limited to Particular Disability)

29.     As a twenty-ninth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the

purported claims therein are barred because, to the extent *arguendo* Plaintiff has standing at all, Plaintiff lacks standing (i) to pursue injunctive relief that requires actions or conduct beyond that which is needed to address Plaintiff's alleged particular disability, and/or (ii) to recover damages or other relief based upon alleged violations of access laws that do not pertain to Plaintiff's alleged particular disability.

## THIRTIETH AFFIRMATIVE DEFENSE

(Comparative Fault, Responsibility, Etc.)

30.     As a thirtieth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent Plaintiff *arguendo* suffered losses, damages, detriment, and/or injuries, they were caused by Plaintiff's own negligence, want of ordinary care, or fault, and  Plaintiff's recovery from Defendant, if any, should be barred or reduced in proportion to the percentage of Plaintiff's responsibility, and/or they were caused by the wrongful conduct or fault of other persons or entities other than Defendant, none of whom/which Defendant are responsible for, and Plaintiff's recovery from Defendant, if any, should be barred or reduced in proportion to the percentage of responsibility attributable to such other persons or entities.  Fault or responsibility for any alleged damages or wrongs suffered by Plaintiff should be allocated to such parties and non-parties pursuant to the doctrines of comparative fault, comparative responsibility, or contribution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Acts of Others)

31.     As a thirty-first additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because any alleged act or omission of Defendant herein or its agents (if any) was superseded by the acts or omissions of others, including Plaintiff

and third parties, who/which were the sole cause of any purported injury, damage, or loss allegedly sustained by Plaintiff herein.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.    As a thirty-second additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff has failed to mitigate any damages Plaintiff claims to have suffered, and therefore Plaintiff is precluded from recovering those alleged damages, or, alternately, any recovery against Defendant should be reduced accordingly.  Without limitation, Plaintiff is barred from recovering alleged damages based upon her accessing the website in question and/or claiming to be deterred from accessing the website in question for the purpose of improperly stacking her alleged damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

33.    As thirty-third additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, while Defendant denies liability and that Plaintiff has been damaged by any act, breach or omission on its part, to the extent Plaintiff has *arguendo* been damaged by any alleged act, breach or omission complained of in the Complaint and attributed to Defendant, if at all, such damages are impermissibly remote and speculative, and therefore, Plaintiff's Complaint and the purported claims therein, and the recovery of damages based thereon, are barred.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Mootness)

34.    As a thirty-fourth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the

purported claims therein are barred because Plaintiff's claims are moot.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Website Content Provided by Another)

35. As a thirty-fifth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred by virtue of provisions of the Communications Decency Act, including without limitation 47 U.S.C. § 230, with respect to content on the website provided by another information content provider.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Indispensable Party)

36. As a thirty-sixth additional and separate Affirmative Defense, and solely by way of an alternative defense, and not to be construed as an admission, the Complaint and the purported claims therein are barred because of Plaintiff's failure to name an indispensable party or parties.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Extraordinary or Statutory Damages, Etc.)

37. As a thirty-seventh additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, any award of punitive or exemplary damages, multiplied actual damages, statutory damages, or civil penalties, or the like, would violate Defendant's rights under the United States Constitution. Further, even if *arguendo* any such award were constitutional, the Complaint fails to state facts justifying an award of punitive or exemplary damages, multiplied actual damages, statutory damages, or civil penalties, or the like.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Irreparable Injury / Adequate Remedy at Law)

38.     As a thirty-eighth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because, to the extent *arguendo* Plaintiff could be entitled to any relief, Plaintiff is barred from injunctive relief because Plaintiff will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because Plaintiff has an adequate remedy at law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Threat of Repeated Injury)

39.     As a thirty-ninth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff is not entitled to injunctive relief because, to the extent *arguendo* Plaintiff was ever wronged, Plaintiff is not likely to be wronged again in a similar way, and Plaintiff was and is not exposed to a real and immediate threat of repeated injury.

## FORTIETH AFFIRMATIVE DEFENSE

(Failure to Comply with Requirements)

40.     As a fortieth additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because Plaintiff has failed to comply with all requirements to claim violations of the ADA or otherwise assert the claims in this action when filing this lawsuit.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Unconstitutionality of Attorney's Fees)

41.     As a forty-first additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred because any application of the ADA (and any other law concerning disabled persons upon which Plaintiff my base her claims) is violative of Defendant's state and federal constitutional rights to due process and fundamental fairness insofar as the Court may award attorney's fees to a prevailing plaintiff, but not a prevailing defendant, and/or the standards for awards to prevailing plaintiffs and Defendant differ.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Lack of Finality)

42.     As a forty-second additional and separate Affirmative Defense, and solely by way of an alternative defense, not to be construed as an admission, the Complaint and the purported claims therein are barred as it violates Defendant's constitutional rights to due process because any injunctive relief granted as to Plaintiff fails to consider any future injunctive relief which may be requested by any other potential plaintiff and/or imposed by other Courts as it relates to the same website and, therefore, exposes Defendant to multiple and ongoing conflicting judgments related to modifications to the subject website.

## ADDITIONAL DEFENSES, ETC.

Defendant reserves the right to amend this Answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts and further reserves the right to seek indemnity and/or contribution from others.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff take nothing by Plaintiff's Complaint

and that Plaintiff's requests for relief be denied; that said Complaint be dismissed with prejudice and judgment entered in favor of Defendant; that Plaintiff be denied recovery of any portion of Plaintiff's attorneys' fees, costs and expenses incurred in bringing this action; that Defendant recover reasonable attorneys' fees, expenses and costs from Plaintiff as may be available under law, equity, and/or contract, or otherwise; and such other and further relief as the Court may deem proper and just.

**Respectfully Submitted,**

**The Karlin Law Firm LLP**
Attorney for Defendant
13522 Newport Ave, Suite 201
Tustin, CA 92780
Telephone: (714) 731-3283
Email: dan@karlinlaw.com
By: /s/ Dan T. Danet
Dan T. Danet
CA BAR NO.: 303521
*Pro Hac Vice Pending*

**Law Offices of Nolan Klein, P.A.**
Attorney for Defendant
1213 SE 3rd Ave
Fort Lauderdale, FL 33316-1905
Telephone: (954) 745-0588
Email: klein@nklegal.com
By: /s/ Nolan Klein
Nolan Klein
FL BAR NO.: 647977

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Nolan Klein*

## SERVICE LIST:

**LORENA BRASIL, ESQ.**
FBN: 1049012
Brasil & Brasil, P.A.
500 E. Broward Blvd., Suite 900
Fort Lauderdale, FL 33394
Tel: 954-848-2929
contact@bblawfirmfl.com
*Attorney for Plaintiff*